R. F. HAMILTON, III, Trustee for S. M. Schack, d/b/a Jack Q. Green, Appellant,

v.

The TELEX CORPORATION, a Delaware Corporation, and Telex Computer Products, Inc., an Oklahoma Corporation, Appellees.

No. 50319.

Supreme Court of Oklahoma.

March 14, 1978.

Sneed, Lang, Trotter, Adams, Hamilton & Downie by R. Hayden Downie, Brian S. Gaskill, Tulsa, for appellant.

Serge Novovich, Tulsa, for appellees.

BARNES, Justice:

This is a companion case to No. 50,303, styled *The Telex Corporation, a Delaware corporation, and Telex Computer Products, Inc., an Oklahoma corporation, Appellants, v. R. F. Hamilton III, Trustee for S. M. Schack, d/b/a Jack Q. Green, Appellee,* 576 P.2d 767.

These were two appeals from the order of the Trial Court which found for the Plaintiff therein, R. F. Hamilton III, Trustee for S. M. Schack, d/b/a Jack Q. Green, and granted judgment against Defendants therein, The Telex Corporation and Telex Computer Products, Inc., in the amount of $23,853.56 on his first cause of action, but denied attorney fees prayed for in Plaintiff's second cause of action. Defendants below (Telex) appealed the judgment on the first cause of action of Plaintiff below (Hamilton) in Supreme Court Case No. 50,-303, decided this day by separate opinion, and Plaintiff below (Hamilton) appealed the action of the Trial Court denying attorney fees in Supreme Court Case No. 50,319.

It is the appeal of the Trial Court's order denying attorney fees with which we are here concerned. Appellant, R. F. Hamilton III, Trustee for S. M. Schack, d/b/a Jack Q. Green (Plaintiff below), contends that the Trial Court erred in refusing to award attorney fees to Plaintiff under 12 O.S.1971, § 936, contending that his was an action for services.

Both parties rely on the recent case of *Russell v. Flanagan,* 544 P.2d 510 (Okl. 1975). That case involved a suit for breach of warranty on a labor contract. There, we held that attorney fees could not be awarded because the action merely involved a contract relating to labor or services rendered. We said, in interpreting the phrase "or for labor or services", that the Legislature intended *only* those situations where suit is brought for labor and services rendered, not for breach of warranty. Here, the action was brought for failure to pay for the service rendered.

In *Russell, supra,* the following observation about *Jeffcoat v. Highway Contractors, Inc.,* 508 P.2d 1083 (Okl.App.1972), was made:

> "In *Jeffcoat, supra,* plaintiff had a contract to fell timber and clear trees and brought suit to recover the contract price. Judgment was for plaintiff and he was awarded attorney fees as the prevailing party. The attorney fees were properly awarded as the action was one brought for labor and services. Obviously, the existence of a contract in *Jeffcoat* is not material to the outcome."

Here, the action was brought for failure to pay for services rendered, and the existence of a contract is not material to the outcome. We therefore find, under the authority of *Russell, supra,* that the Trial Court should have allowed Plaintiff an attorney fee, and we remand to the Trial Court for the setting of said fee.

REVERSED AND REMANDED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.