R. F. HAMILTON III, Trustee for S. M. Schack d/b/a Jack Q. Green, Appellee,

v.

The TELEX CORPORATION, a Delaware corporation, and Telex Computer Products, Inc., an Oklahoma corporation, Appellants.

No. 52524.

Supreme Court of Oklahoma.

March 3, 1981.

R. Hayden Downie, Kevin C. Leitch, Sneed, Lang, Trotter, Adams, Hamilton & Downie, Tulsa, for appellee.

Serge Novovich, Tulsa, for appellants.

WILLIAMS, Justice:

The principal questions here discussed relate to whether appellants owe the lawyer-appellee an attorney fee for information furnished them, pursuant to contract, as to the identity and location of a debtor of whose account they had no sufficient record and whether, in the process of collecting that fee he may recover additional fees for members of his law firm and himself for efforts expended, at both trial and appellate levels and stages, in attempting to collect the original fee, and as to whether the services were necessary and the amounts awarded are reasonable. We determine all such questions in the affirmative.

This appeal arises from a judgment of the trial court awarding an attorney's fee to Mr. Hamilton, the prevailing party pursuant to 12 O.S.1971 § 936 and previous order of this court. We deem it to be helpful at the outset to give a synopsis of the prior proceedings in this matter.

Appellee, Hamilton, an attorney, entered into a trust arrangement with a Mr. S. M. Schack whereby he undertook to represent Schack and act as trustee in negotiations with the appellants. Under the terms of the trust, Hamilton was to recover a percentage of the monies received from the appellants, the Telex Corporation and Telex Computer Products, Inc. (Telex). A second contract was entered into between Hamilton, as trustee and Telex which in effect provided that in return for information concerning a debtor of whose obligation to it Telex had lost track, Telex would give Hamilton a percentage (up to $25,000.00) of any money recovered. Hamilton performed, over $95,000.00 was recovered, but Telex refused to honor its contract.

Hamilton filed suit and has been represented throughout these proceedings by members of his law firm and himself. The firm took the case on a contingency fee basis. Sometime thereafter the trial court granted Hamilton's motion for summary judgment, denied Telex's motion for the same, and awarded $23,853.56 to Hamilton but denied his request for an attorney's fee.

Both parties appealed. Telex contended on its first appeal that the contract was void. This court, however, affirmed the trial court's decision that the contract was valid in *Telex Corp. v. Hamilton*, 576 P.2d 767 (Okl.1978).

Hamilton appealed from the trial court's denial of an attorney's fee raising as the single issue the question of whether or not the sale of information was a "service" and thereby within the purview of 12 O.S.1971 § 936.[1] This court reversed the trial court on that point. "[T]he trial court should have allowed the plaintiff an attorney's fee and we remand to the trial court for the setting of said fee." *Hamilton v. Telex Corp.*, 576 P.2d 769, 770 (Okl.1978).

Pursuant to this decision the trial court conducted a hearing in June, 1978, concerning the allowance of attorney fees.[2] There, following rejection by Hamilton's attorney of suggested rates made by the judge first for the sum of $16.00 per hour, being the hourly rate the judge received, and then $32.00 per hour or twice the judge's rate of pay, the trial court permitted Hamilton's attorney to present evidence as to why something more than these rates offered might be reasonable. Telex also presented evidence upon this issue.

Following closing arguments the trial court rendered its decision. It noted the *Weaver v. Laub* decision[3] and considered its applicability. It also considered the hours involved, the contingency fee arrangement, the risk involved, the ability of the attorneys, the complexity of the case and the force and vigor with which it was presented. In view of these factors, its decision was that $16,600.00 was a reasonable attorney's fee. It awarded that fee to the plaintiff not only for the attorney fees incurred at the trial stage but also for any attorney fees incurred at the appellate level. Telex entered its exception and brought the present appeal.

The principal points of error urged by appellants are that the trial court:

erred in awarding attorney fees to be assessed as costs, under 12 O.S.1971 § 936,

1. Hamilton makes the argument that the doctrine of law of the case bars Telex from contending in this appeal that an attorney who has appeared pro se or been represented by other members of his law firm cannot recover an attorney's fee.

We have carefully reviewed the record in the prior appeal in this matter and conclude that the sole issue was whether 12 O.S.1971 § 936 was applicable to the sale of information. We

further note that at the hearing held on October 13, 1976, Telex reserved its right to raise the present contention. It is our determination that Telex may now present the involved contentions.

2. The parties stipulated to the amount of costs only which were $195.55.

3. 574 P.2d 609 (Okl.1977).

for those legal services which were performed by the attorney representing himself, and/or for legal services performed by other attorneys who are members/employees of the attorney's professional law corporation;

erred in awarding attorney fees to be assessed as costs under 12 O.S.1971 § 936, for legal services performed, other than those necessary and reasonable to have been performed for the prosecution of the contract cause below; and

abused its discretion in awarding $16,-600.00 as reasonable attorney fees to be assessed as costs under 12 O.S.1971 § 936, and the amount of attorney fees awarded is grossly excessive.... [4]

In support of appellants' first proposition, they cite numerous secondary authorities. Upon examination we have found those cases to be of no persuasive effect in view of the Oklahoma decision of *Weaver v. Laub*, see note 3, supra, which we determined to be controlling.[5]

▇ The first question considered in *Weaver* concerned "whether attorneys who represent themselves can be awarded attorney fees for such representation." This court found "compelling reasons" for awarding such fees and permitted recovery.

In that opinion recognition was given to the fact that the various jurisdictions are split on this issue. The policy considerations supporting each viewpoint were there set forth and discussed. We think little is

to be gained here by a reexamination of those pronouncements.

As has been noted above, in our previous decision upon one aspect of the matter again before us, we held that appellee was entitled to an award of attorney fees pursuant to 12 O.S.1971 § 936.[6] In view of our holding in the *Weaver* case, we now determine appellants' first contention is without merit.

We are not unmindful that certain requirements set forth in *Weaver v. Laub* as safeguards must be satisfied before fees are awarded to an attorney who appears pro se. However, appellants' third proposition necessarily includes allegations that such (safeguards) requirements were not met by appellee. We shall discuss that issue later in this opinion.

As stated, appellants' second contention questions the propriety of the trial court's award of attorney fees for legal services rendered in the previous appeals in this case. It is their contention that the trial court in awarding an attorney's fee was limited to consideration of only those legal services rendered at that stage. We do not agree.

▇ In pertinent part, 12 O.S.1971 § 936 provides that in certain types of actions, "the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." We think the plain meaning of § 936 would be distorted if only the fees incurred at the

---

4. In their petition in error the appellants set forth seven points of alleged error. Their brief in chief sets out five. We find it necessary to address only the three set out above as the others concern either particular requirements which would be present in a partition action but are not involved in the situation now before us, or are capable of being combined for consideration along with one of the above-quoted contentions.

5. Appellee has presented an argument that his involvement in this case has been in two different capacities, an "individual capacity" and a "representative capacity". In view of our holding in this case, we deem it unnecessary to rule upon this contention.

6. An additional, allegedly first-impression question raised by appellants in their brief-in-chief

under the heading "Statement Of The Case" is "under 12 O.S.1971 § 936, whether a dispute between the prevailing party and the losing party, in an adjudicated action, as to the applicability of 12 O.S.1971 § 936 to the adjudicated action, is itself within the scope of 12 O.S.1971 § 936 thus entitling the prevailing party on the attorney fee question, to reasonable attorney fees."

We find it is. In *Cox Const. Co. v. Brookline Assoc.*, 604 P.2d 867 (Okl.App.1979), one issue concerned the applicability of 12 O.S.1971 § 936 to the controversy. It was determined the action was one to recover amounts due for labor and services rendered. Our Court of Appeals properly awarded attorney's fees to the prevailing party.

trial stage were recoverable and the fees incurred during the appeal were not. We also observe that no such limitation is present in the provisions of § 936. It is our determination that this section's authorization of an award to the prevailing party of a reasonable attorney fee includes *all* fees incurred in actions of those types enumerated in the statute. *Drakos v. Edwards*, 385 P.2d 459 (Okl.1963); *Brandt v. Impero*, 1 Wash.App. 678, 463 P.2d 197 (1969); *International Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347 (Tx.1971).

Appellants also raise the proposition that this court's failure to award an attorney's fee for legal services rendered in the prior appeal was in effect a sub silentio denial of an attorney's fee for the performance of those services. They further object that the trial court lacked jurisdiction to enter an award for attorney fees incurred on that appeal.

This court in the past has held "costs may be awarded either by the Supreme Court, if the case is appealed, or by the trial court." *National Educ. Life Ins. Co. v. Apache Lanes, Inc.*, 555 P.2d 600, 602 (1976).

Upon review of our decision in the prior appeal in this case, *Hamilton v. Telex*, supra, we find no restriction placed upon the trial court, directing it to limit its consideration of the ordered award of reasonable attorney fees to legal services rendered at that stage only. Nor are we inclined, in view of our determination above that 12 O.S.1971 § 936 includes "all fees", to infer that a limitation such as appellants suggest, was intended.

We determine that the trial court had the authority to hear evidence and make an award of reasonable attorney fees incurred at all stages of this case.

As noted earlier, appellants' final contention is that the trial court abused its discretion when it awarded an attorney fee in the amount of $16,600.00. They contend that Hamilton was representing himself and failed to satisfy the strict criteria this court set forth in *Weaver v. Laub*, supra. Moreover, they object to the weight given by the trial court to the fact the contract in question was one for payment of contingency fees.

In *Weaver v. Laub*, supra, this court stated that:

Before attorneys can be awarded fees for representing themselves, they must prove the following through clear· and convincing evidence:

1. Attorneys must show that all actions taken by them, for which they seek a fee, were performed in good faith.

2. Attorneys must prove that all work performed, for which they seek a fee, was necessary work. In proving necessity, attorneys must present a written itemization of all services performed which must include an indication of the time spent to perform each service and an explanation, of why each itemized service was necessary. The itemization presented for the court's scrutiny, must be specific and attested to under oath.

3. Attorneys must prove the reasonableness of the fees they seek.[7]

The record in this appeal includes transcripts of hearings held before the trial court on two different occasions. The first hearing was held on October 13, 1976, prior to the first appeal in this matter. There, an offer of proof was made by Hamilton's attorney regarding a reasonable amount to be paid as an attorney's fee. One witness, an attorney, testified that upon examination of a "litigation file" and "time records", both apparently before the court,[8] he had never

---

**7.** A fourth requirement, inapplicable in the case at bar, provided, "In the case of a partition action attorneys must show that all work for which they seek fees was beneficial to others in the litigation, and not merely beneficial to their own interests."

**8.** Telex raises the point that no affidavits attesting to the time involved and legal tasks

performed were ever introduced or offered to the trial court by appellee. As mentioned, we have examined transcripts of both hearings and find that at the October 13, 1976, hearing a computer printout reflecting the time spent and services rendered by Hamilton's firm was before the court. Moreover, at the second hearing held June 16, 1979, the principal attorney involved in representing Hamilton testified, un-

handled or seen a particular case like this before. It was his opinion that a reasonable fee based solely upon the hours involved to that point, would be $6,866.00.

At the second hearing, held on June 16, 1978, following rendition of this court's opinion holding an attorney's fee should be awarded by the trial court, Hamilton's attorney again presented evidence of what a reasonable attorney's fee would be. Three witnesses testified on appellee's behalf and a review of the transcript indicates there was clear and convincing evidence before the court regarding the experience of those witnesses, the amount of time charged in the case, the method of recording this time (including the dates, type of legal service performed and separate time input of each attorney-employee of the firm) and specific testimony regarding the various kinds and types of services that had been performed.

In *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 663 (Okl.1979), it was said in effect that "when ... the issue of 'reasonableness' of attorneys fees awarded by the [trial] court", is presented, whether the trial court abused its discretion "is the standard of review."

In the case of *Oliver's Sports Center v. National Stand. Ins.*, 615 P.2d 291 (Okl. 1980), this court stated an attorney's fee cannot fairly be awarded on the basis of time spent, alone. Rather, time is a factor to be considered in connection with other criteria, one of which is "whether the fee is fixed or contingent." [9,10]

■ In the case before us, detailed evidence was presented including the testimony of three experienced attorneys, each of whom said a higher fee was justified. The trial judge properly gave consideration to "whether the fee was fixed or contingent" as well as other relevant criteria. Upon consideration of the evidence and law hereinabove discussed, we determine that the judgment of the trial court awarding attorney's fees with which we are concerned herein is supported by competent evidence and that the trial court did not, in making such award, abuse its discretion.

Appellee's request for a third award of attorney's fees for services rendered in the present appeal is denied. We would not care to be cast in the light of appearing to thwart a meritorious appeal.

AFFIRMED.

BARNES, V. C. J., and LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., concurs in result.

der oath, in detail about the services performed which were reflected in such a printout. The testimony of the other witnesses called by Hamilton and their respective conclusions as to what a reasonable attorney's fee might be were also based in large part upon their inspection of such printout and itemization of the legal services performed. In view of the above we determine the decision of the trial court in this matter was not without the support of competent evidence.

9. The court there noted, "The criteria for the awarding of a reasonable attorney's fee in the absence of a contract or a statute fixing the amount were clearly delineated in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okl.1979). This Court held that the proper procedure to be followed by trial courts in establishing a reasonable attorney fee is to determine the hourly compensation on an hourly rate basis and to add an additional amount based on the following guidelines. '1. Time and labor required. 2. The novelty and difficulty of the questions. 3. The skill requisite to perform the legal service properly. 4. The preclusion of other employment by the attorney due to acceptance of the case. 5. The customary fee. 6. Whether the fee is fixed or contingent. 7. Time limitations imposed by the client or the circumstances. 8. The amount involved and the results obtained. 9. The experience, reputation and ability of the attorneys. 10. The "undesirability" of the case. [i. e. risk of non-recovery] 11. The nature and length of the professional relationship with the client. 12. Awards in similar cases.' " (Footnotes omitted.)

10. We note that here as in *Oliver's Sports Center*, supra, the trial court did not follow the rationale of *National Ass'n of Reg. Med. Prog., Inc. v. Weinberger*, 396 F.Supp. 842 (D.C.1975). However, as stated in our opinion in *Oliver's Sports Center*, "we find that under the law as it existed at the time of the hearing [June 16, 1978] ..., the court properly exercised its discretion when it considered various factors in arriving at the amount of attorney fee."