**Joe HAMILTON, Linda L. Hester and Unibridge Systems, Inc., a Corporation, Appellants,**

v.

**James A. MUELLER and M. Financial, Inc., Appellees.**

**No. 81613.**

Court of Appeals of Oklahoma, Division No. 3.

May 3, 1994.

**310**

Albert L. Kamas, Render, Kamas & Hammond, Wichita, KS, and Robert D. Baron, Oklahoma City, for appellants.

Donald J. Timberlake, Baer & Timberlake, Oklahoma City, and Larry D. Patton, Oklahoma City, for appellees.

### MEMORANDUM OPINION

GARRETT, Vice Chief Judge:

The trial court sustained the motion for summary judgment of James A. Mueller and M. Financial, Inc. (Appellees), and entered judgment in their favor against Joe Hamilton, Linda L. Hester and Unibridge Systems, Inc., (Appellants). The remaining Defendants removed the case to federal court. Appellees later filed a motion for attorney fees, as prevailing parties, in the state court, pursuant to 12 O.S.1991 § 936, and the trial court sustained the motion. Appellants appeal the order of the trial court awarding attorney fees and costs to Appellees. The order of the trial court provides:

1. Despite the removal of this action to federal court following the Court's entry of summary judgment in favor of the moving defendants, this Court retains jurisdiction insofar as the plaintiffs' claims with the moving defendants are concerned.

2. The Court finds this is a lawsuit for damages arising from the alleged breach of a contract for services. Accordingly, the defendants, since have prevailed on their motions for summary judgment, are entitled to costs and attorney's fees pursuant to 12 Okl.Stat. § 936.

3. Plaintiffs, in not contesting the amount claimed by defendants, have waived objection to the amounts.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the moving defendants and against the plaintiffs for costs in the amount of $1,486.71 and attorney's fees in the amount of $15,075.00.

First: Appellants contend that after removal of the case to federal court, the State district court no longer had jurisdiction to enter any order herein. The motion for summary judgment was sustained on October 1, 1992, and the motion for attorney fees was not filed until January 23, 1993. The removal to federal court was filed on October 9, 1992, pursuant to 28 U.S.C. § 1441 et seq. Appellees are not parties to this action in the federal court.

■ The trial court retained jurisdiction over the state court action between Appellants and Appellees for the purpose of ruling on the motion for attorney fees. Neither party cites any Oklahoma or federal decisions holding to the contrary, although Appellants have cited decisions from other states for their persuasive content. However, we are not persuaded. To hold otherwise would result in denying Appellees claim for attorney's fees and costs unless they file the claim in federal court where they are not parties. The federal court may or may not entertain such a motion. No opinion is expressed upon the validity of the removal of the action to the federal court, as to the Appellant and the other Defendants, after the state court entered summary judgment in favor of these Appellees.

Next, Appellant contends 12 O.S.1991 § 936 is not applicable to this case and that the trial court awarded attorney fees and costs to Appellees in error.

■ Appellants Hamilton and Hester were officers of Appellant, Unibridge. They were interested in purchasing certain property and sought financing. Although they contend they received an oral commitment from the Bank of Woodward (the Bank), they continued searching for more favorable financing. They came into contact with John M. Bellevue (Bellevue), a defendant below, and Appellee Mueller who claimed to represent Prudential Insurance Company of America (Prudential), also a defendant below, and who claimed to be able to obtain financing on better terms than Appellants could obtain at the Bank. Mueller, an Oklahoma licensed Prudential agent, was to transfer the funds. Appellants gave Bellevue a letter authorizing him to obtain financing. Appellants contend that Bellevue later announced his intention to change the arrangement and began bidding against Appellants for the purchase of the same property. Appellants ultimately bought the property, but they claim they were damaged due to lost profits and an increased purchase price. They sued, alleging fraud, breach of fiduciary duty, interference with prospective contractual relationships, breach of implied covenants of good faith and defamation.

The agreement by which Appellants authorized Mueller and Bellevue to obtain financing on their behalf is an agreement to perform labor or services. However, this lawsuit arose because the agreed services were not performed. The underlying basis of this lawsuit, which alleges numerous causes of action, is "related to" a contract for labor or services. It is not an action to recover for labor or services *rendered.* Thus, under *Russell v. Flanagan,* 544 P.2d 510 (Okl.1975), and its progeny, attorney fees are not available to Appellees under § 936. The Supreme Court stated therein, at page 512:

> We are of the opinion that the phrase "or for labor or services" properly comes within the initial category of "a civil action" not, as appellant contends, the antecedent classification of a "contract relating to. . . ."

> We believe that the addition of the phrase "or for labor or services" by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if, as appellant contends, this clause were construed to allow attorney fees in the all encompassing field of "contracts related to . . ., labor or services."

Appellees contend that *Russell v. Flanagan,* and the cases following it should be overruled. However, until the Supreme Court holds otherwise with regard to § 936 and the "labor or services" provision, we must follow the rule found in *Russell v. Flanagan.* In the instant case, the trial court's order awarding attorney fees indicates the trial court's error in construing § 936:

> 2. The Court finds this is a lawsuit for damages *arising from the alleged breach of a contract for services.* Accordingly, the defendants, since have prevailed on their motions for summary judgment, are entitled to costs and attorney's fees pursuant to 12 Okl.Stat. § 936. (Emphasis added).

Section 936 does not apply to this case. The trial court's order awarding attorney fees to Appellees is reversed.

Appellants contend, if this case is reversed, they are entitled to attorney fees and costs, citing *Hamilton v. Telex Corp.,* 625 P.2d 106 (Okl.1981), for authority that the prevailing party on the question of the applicability of § 936 is entitled to a reasonable fee. However, our review of that case indicates that the underlying nature of the case therein was one "to recover amounts due for labor and services rendered." 625 P.2d at 108, n. 6, citing *E.V. Cox Const. Co. v. Brookline Assoc.,* 604 P.2d 867 (Okl.App.1979). That distinction is fatal to Appellants' argument.

*Hamilton,* supra, contemplates a situation in which attorney fees pursuant to § 936 to a prevailing party were proper in the trial court. Since the fees were proper in the trial

court, appellate attorney fees may be allowable. Appellants, like Appellees, were not entitled to attorney fees below.

Appellants also contend they are entitled to attorney fees as sanctions, under 12 O.S. 1991 § 2011, because the non-applicability of § 936 is so clear. This request is denied.

REVERSED.

HUNTER, P.J., and BAILEY, J., concur.