**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GAMBLE, SIMMONS & COMPANY,

Plaintiff-Appellee,

v.

KERR-MCGEE CORPORATION,

Defendant-Appellant.

Nos. 00-6062 & 00-6306
(D.C. No. 95-CV-256-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kerr-McGee Corporation appeals from the district court's orders granting summary judgment in favor of Gamble, Simmons & Company (Gamble Simmons) on Gamble Simmons' complaint, awarding Gamble Simmons prejudgment interest, and vacating its earlier award of attorney's fees to Kerr-McGee as a prevailing party.

This case is before us for a second round of appellate consideration. Most of the pertinent facts are recited in our prior opinion in the case, *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762 (10th Cir. 1999), and we do not repeat them in detail here.

Gamble Simmons sued Kerr-McGee to recover sums allegedly due for tax consulting services. Gamble Simmons performed the services under a contract which called for Gamble Simmons to review sales and use tax assessments for the years 1982-84 issued to Kerr-McGee by the Louisiana Department of Revenue and Taxation (Department). Under the terms of the contract, Kerr-McGee agreed to compensate Gamble Simmons in

> an amount equal to forty percent (40%) of the amount, if any, by which the total amounts of taxes, penalties and/or interest calculated through the date of this Agreement heretofore paid by Kerr-McGee to its vendors, the State of Louisiana and/or assessed by the Department but remain unpaid as of the date hereof, are refunded or reduced[.]

Appellant's App., Vol. I at 28-29.

Gamble Simmons obtained a very favorable outcome for Kerr-McGee. After Gamble Simmons completed its examination, the Department admitted not only that Kerr-McGee owed no additional taxes or interest for the years 1982-84, but that it had actually overpaid taxes in the amount of $1,447,985. Rather than refunding this entire amount directly to Kerr-McGee, however, the Department refunded a portion of the amount and applied the remainder to offset taxes and interest that Kerr-McGee owed for 1985-87. The use of this offset has created a significant disagreement between the parties about computation of Gamble Simmons' compensation.

In our previous decision, we determined that Gamble Simmons was not entitled to compensation for any refund of payments Kerr-McGee made to the Department after the date of the agreement. [1] We noted, however, that the district court's order was problematic on this point, "because it does not specifically address the issue of the alleged post-agreement payments, or sufficiently explain

_____

[1] Our previous decision in this matter came after the district court entered a final judgment granting Kerr-McGee's motion for summary judgment and awarding Gamble Simmons $665,418 for its services–"the exact amount Kerr-McGee had already paid." *Gamble, Simmons*, 175 F.3d at 766. In that decision, we also determined that (1) the contract was unambiguous; (2) Gamble Simmons was not entitled to any portion of statutory interest the Department of Revenue included as part of the refund; (3) Gamble Simmons was not entitled to forty percent of interest reductions Kerr-McGee realized in the 1985-87 audit period through application of the 1982-84 tax refund; and (4) Gamble Simmons was not entitled under the contract to examine Kerr-McGee's records for years subsequent to 1982-84, except to the extent incidental to the 1982-84 audit.

its rationale for determining that Kerr-McGee only owes Gamble Simmons what it had previously paid." *Id.* at 772-73. We therefore remanded

> for further proceedings with regard to the discrete issue of the post-agreement payments and their effect on the ultimate calculation of Gamble Simmons' compensation. On remand, the district court should afford the parties the opportunity to present evidence on the issue of the disputed post-agreement payments and provide a final, accurate calculation of Gamble Simmons' compensation based on our rulings in this case.

*Id.* at 773.

On remand, the district court received further evidence and conducted further proceedings on the issue of post-agreement payments. The parties essentially agreed on the figures for post-agreement payments, but disagreed radically on how those payments should be treated under the contract and under the scope of our mandate. The district court concluded:

> Kerr-McGee's post-agreement payments were reduced by application of the tax credit generated by Gamble Simmons. Therefore, it falls within the class of items on which Gamble Simmons' contingency fee must be calculated. It is a reduction in taxes that was generated during the audit period.

*Id.* at 216.

Based on this finding, the district court awarded Gamble Simmons compensation on the post-agreement payments. Kerr-McGee contends that this finding exceeded the scope of the mandate we issued in our previous opinion. We agree.

"This court is vested with the authority to interpret its own mandate."

*Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). "Under [the law of the case] doctrine, once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case. An important corollary of the doctrine, known as the 'mandate rule,' provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520-21 (10th Cir. 1997) (quotations and citations omitted).

In our previous decision, we specifically held that Kerr-McGee was entitled to exclude post-agreement payments from the calculation of Gamble Simmons' compensation:

> Kerr-McGee claims it has paid Gamble Simmons everything it owes, and explains the relatively small monetary difference between the amount it paid and the amount Gamble Simmons requests as attributable to certain "post-agreement payments" it made to the state of Louisiana. Kerr-McGee claims it made these payments to satisfy tax liabilities arising from Department audits encompassing the years 1985-1987, and that the Department later refunded the payments after it determined Kerr-McGee had overpaid its tax liabilities for 1982-1984. Kerr-McGee argues that because it made the payments after contracting with Gamble Simmons, it need not include these amounts in its compensation calculations. In support of this claim, Kerr-McGee cites the terms of the contract which limit Gamble Simmons contingent interest to forty percent of any refund or reduction of amounts paid or assessed *as of the date of the agreement.*

We agree with Kerr-McGee to the extent that the contract unambiguously limits Gamble Simmons' compensation to payments or assessments made prior to the execution of the agreement . . . . Gamble Simmons has no viable claim under the strict contractual language to any refund of payments Kerr-McGee made, if any, subsequent to the agreement date. The contract is clear on this point, and its interpretation is properly the subject of summary adjudication.

*Gamble, Simmons*, 175 F.3d at 772.

Under the mandate previously issued in this case, Gamble Simmons' forty percent compensation should have been figured only on the amounts Kerr-McGee paid or was assessed at the time the Agreement was signed. We merely directed the district court to determine what amount of payments Kerr-McGee made after May 22, 1991, so that these payments could be excluded from the calculation of Gamble Simmons' percentage. The district court went beyond the scope of the mandate and determined that Gamble Simmons was entitled to compensation for the post-agreement payments, a finding directly contrary to our prior holding in the case.

We therefore reverse the district court's order awarding judgment in favor of Gamble Simmons in the amount of $34,760.60. On remand, the district court should address the specific issue identified in our previous mandate: the amount of payments Kerr-McGee made subsequent to the date of the agreement and their effect on the mathematical calculation of Gamble Simmons' compensation.

The remaining issues in this appeal involve whether the district court properly awarded Gamble Simmons pre-judgment interest and whether it properly vacated its previous award of attorney's fees to Kerr-McGee and held that Kerr-McGee was no longer a prevailing party. Since we have determined the district court exceeded the scope of its authority in granting judgment in favor of Gamble Simmons, the pre-judgment interest award must also be vacated. On remand, the district court should further reconsider its order vacating the award of attorney's fees in favor of Kerr-McGee in light of this order and judgment.

The judgments of the United States District Court for the Western District of Oklahoma granting judgment in favor of Gamble Simmons in the amount of $34,760.60, awarding prejudgment interest on that award, and vacating the award of attorney's fees in favor of Kerr-McGee are VACATED, and the case is REMANDED for further proceedings in light of this order and judgment.

Entered for the Court

Wade Brorby
Senior Circuit Judge