**GAMBLE, SIMMONS & COMPANY, Plaintiff–Appellee/Cross–Appellant,**

v.

**KERR–McGEE CORPORATION, Defendant–Appellant/Cross–Appellee.**

Nos. 01–6192, 01–6208.

United States Court of Appeals, Tenth Circuit.

July 22, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

These consolidated appeals concern the district court's award of attorney's fees to appellee/cross-appellant Gamble, Simmons & Company (Gamble Simmons), as the prevailing party in litigation against appellant/cross-appellee Kerr–McGee Corporation (Kerr–McGee). In appeal No. 01–6192, Kerr–McGee seeks reversal of the fee award because the underlying judgment in favor of Gamble Simmons has now been overturned on appeal. In appeal No. 01–6208, Gamble Simmons challenges the amount of fees awarded, contending that the amount was too low and that it should have in addition been awarded fees for prior appeals relating to this case.

The attorney fee issue has been an enduring one in this case, dating back to this court's first decision in *Gamble, Simmons & Co. v. Kerr–McGee Corp.*, 175 F.3d 762 (10th Cir.1999) (*"Gamble Simmons I"*). In that appeal, Gamble Simmons challenged the district court's ruling in favor of Kerr–McGee on Gamble Simmons' underlying contract claim for unpaid accountancy fees. Gamble Simmons also challenged the district court's finding that Kerr–McGee was the "prevailing party" on the claim and was therefore entitled to an award of attorney's fees pursuant to Okla. Stat. tit. 12, § 936.

In *Gamble Simmons I,* this court affirmed most aspects of the district court's decision in favor of Kerr–McGee. We reversed part of the judgment for Kerr–McGee, however, and remanded for further calculations on the discrete issue of "post-agreement payments." 175 F.3d at 773. In light of the remand, this court declined to address issues concerning the attorney fee award to Kerr–McGee, viewing their resolution as premature. *Id.* at 774.

On remand after *Gamble Simmons I,* the district court reversed course and entered judgment in favor of Gamble Simmons in the amount of $34,760. It also vacated its previous attorney fee award in favor of Kerr–McGee.

In *Gamble, Simmons & Co. v. Kerr–McGee Corp.,* 30 Fed.Appx. 764, at 767 (10th Cir.2002) (*Gamble Simmons II* ), this court reversed the district court's decision in favor of Gamble Simmons, holding that the district court had exceeded the scope of our mandate. We again remanded for further consideration on the post-agreement payments issue. We also vacated the district court's order vacating the attorney fee award in favor of Kerr–McGee, reasoning that the issue of attorney's fees should be sorted out on remand, along with the underlying merits of the post-agreement payments issue. *Id.*

In the meantime, on remand from *Gamble Simmons I* and before this court's decision in *Gamble Simmons II,* the district court awarded attorney's fees to Gamble Simmons. It found that Gamble Simmons was now the "prevailing party" and was entitled to fees from Kerr–McGee in the amount of $15,492.56. It is from this order that the parties now appeal and cross-appeal.

Oklahoma law allows a reasonable attorney fee to the prevailing party in an action on a contract for labor or services. Okla.

Stat. tit. 12, § 936. The principal issue we must address here is whether Gamble Simmons remains the "prevailing party" for attorney fee purposes in light of our reversal of the judgment in its favor in *Gamble Simmons II.* If not, we must determine whether the attorney fee award should be reversed at this time. Finally, we must consider whether Gamble Simmons is entitled to any award for appellate attorney's fees at the present time, in light of the unresolved merits issue currently pending in district court.

We review the district court's decision whether to award attorney's fees for an abuse of discretion. *Chesapeake Operating, Inc. v. Valence Operating Co.,* 193 F.3d 1153, 1157 (10th Cir.1999). However, we review any statutory or legal analysis underlying the district court's decision de novo. *Id.*

Under the Oklahoma law applicable here, a prevailing party is "the party possessing an affirmative judgment *at the conclusion of the entire case.*" *GRP of Tex., Inc. v. Eateries, Inc.,* 27 P.3d 95, 98 (Okla.2001) (emphasis added). "[A] party's designation as the prevailing party may be altered during the course of litigation and ... this alteration of status has an [e]ffect upon an order awarding. attorney's fees." *Id.; see also White v. Am. Airlines, Inc.,* 915 F.2d 1414, 1425 (10th Cir.1990) (affirming district court's denial of section 936 attorney's fees to successful plaintiff, where underlying judgment in his favor was reversed and remanded, noting that he was no longer the "prevailing party"). Until the ultimate prevailing party has been determined, neither party is entitled to an unconditional award of prevailing party attorney's fees. *GRP of Tex., Inc.,* 27 P.3d at 99.

Here, the prevailing party cannot be determined until the district court has

concluded its proceedings on remand. At that time, if judgment is entered in favor of Gamble Simmons, then Gamble Simmons will be entitled to an award of attorney's fees, including appellate attorney's fees. If, on the other hand, judgment is entered in favor of Kerr–McGee, then Kerr–McGee will be entitled to an award of attorney's fees, including appellate attorney's fees.[1] It follows that the fee award in favor of Gamble Simmons from which both parties appeal should be vacated, in order to permit the district court to enter an appropriate attorney fee award once the prevailing party has been determined. It further follows that those portions of Gamble Simmons' cross-appeal that attack the amount of the now vacated fee award are moot.

One additional issue remains for our consideration. The district court denied Gamble Simmons' request for appellate attorney's fees relating to the *Gamble Simmons I* appeal, reasoning that it lacked jurisdiction to award such fees in the first instance. *See Hoyt v. Robson Cos., Inc.*, 11 F.3d 983, 985 (10th Cir.1993). Gamble Simmons argues that it could not have requested such fees from this court at the time of *Gamble Simmons I* because it was not yet the prevailing party. It has now moved in appeal Nos. 97–6413 and 98–6033 (the docket numbers assigned to *Gamble Simmons I*) for an award of appellate attorney fees. This motion has been consolidated with the merits of this case.

■ The district court correctly determined that it lacked jurisdiction to award appellate attorney's fees. Moreover, we cannot now award Gamble Simmons an appellate attorney fee in those cases. In the event Gamble Simmons ultimately proves to be the prevailing party in this litigation, it will be entitled to a reasonable appellate fee award for both prior appeals. Oklahoma law provides for an award of attorney's fees for all stages of a case, including a prior appeal. *See Hamilton v. Telex Corp.*, 625 P.2d 106, 108–09 (Okla. 1981). Although the situation here is unusual in that two prior appeals are involved rather than one, we reject any suggestion that Gamble Simmons is precluded from seeking an award of fees because of its failure to do so at the time *Gamble Simmons I* was issued. Our decision in *Gamble Simmons I* expressly left open the issue of attorney's fees due the prevailing party because of the unsettled nature of the underlying litigation. It would have been premature for Gamble Simmons to have sought appellate attorney's fees as a prevailing party in connection with that prior appeal. *See Gamble Simmons I*, 175 F.3d at 774.

The judgment of the United States District Court for the Western District of Oklahoma awarding attorney's fees to Gamble Simmons is VACATED. Gamble Simmons' cross-appeal in appeal No. 01–6208 is DISMISSED AS MOOT to the extent that it attacks the amount of fees awarded in the district court's order. Gamble Simmons' motions in appeal Nos. 97–6413 and 98–6033 for appellate attorney's fees, which were consolidated with this appeal and assigned to the merits panel for disposition, are DENIED, subject to renewal if Gamble Simmons is ultimately determined to be the prevailing

---

**1.** In an order dated March 12, 2002, a prior panel of this court granted an award of appellate attorney's fees to Kerr–McGee as prevailing party in *Gamble Simmons II.* The issue of the amount of attorney's fees was remanded for calculation by the district court. This court's March 12, 2002 order is properly viewed as a conditional award of fees, which may stand only if Kerr–McGee is ultimately determined to be the prevailing party in this litigation. *See GRP of Tex., Inc.*, 27 P.3d at 98–99.

party in this litigation. All other pending motions are DENIED.