**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GAMBLE, SIMMONS & COMPANY,

Plaintiff-Appellant,

v.

KERR-MCGEE CORPORATION,

Defendant-Appellee.

Nos.  02-6248 & 03-6051
(D.C. No. CIV-95-256-C)
(W.D. Okla.)

ORDER AND JUDGMENT   *

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

We have consolidated these appeals for purposes of disposition.  In case No. 02-6248, Gamble, Simmons & Company ("Gamble Simmons") appeals from

---

*       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's order (1) denying Gamble Simmons' motion for entry of final judgment; (2) granting defendant Kerr-McGee Corporation ("Kerr-McGee")'s motion for entry of final judgment; (3) vacating the district court's previous orders awarding attorney's fees and costs to Gamble Simmons; and (4) reinstating an earlier order granting attorney's fees to Kerr-McGee. In case No. 03-6051, Gamble Simmons appeals from the district court's order granting Kerr-McGee's motion for an additional award of attorney's fees against Gamble Simmons and setting the amount of fees to be awarded. We affirm in part, vacate in part, and remand.

This is the fourth time this case has come before us. *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762 (10th Cir. 1999) (*"Gamble Simmons I"*); *Gamble Simmons & Co. v. Kerr-McGee Corp.*, 30 Fed. Appx. 764 (10th Cir. Jan. 31, 2002) (*"Gamble Simmons II"*); *Gamble Simmons & Co. v. Kerr-McGee Corp.*, 43 Fed. Appx. 205 (10th Cir. July 22, 2002) (*"Gamble Simmons III"*). The issues raised in this appeal are nearly identical to those raised in the previous appeals. The parties continue to dispute whether Kerr-McGee owes Gamble Simmons any additional money under the parties' contract for tax consulting services, and which of them is the "prevailing party" entitled to attorney's fees.

Although our order and judgment in *Gamble Simmons II* should have put this issue to rest, Gamble Simmons continues to assert legal issues concerning the

method of calculating the tax benefits it generated for Kerr-McGee. We previously resolved those issues in favor of Kerr-McGee, however, and remanded solely for a *factual* determination of "the amount of payments Kerr-McGee made subsequent to the date of the agreement and their effect on the mathematical calculation of Gamble Simmons' compensation." *Gamble Simmons II*, 30 Fed. Appx. at 767. On remand, in its order of July 5, 2002, the district court performed the required calculation and determined that the evidence showed that Gamble Simmons had been paid in full. Gamble Simmons does not take issue with the facts underlying this determination; instead, it attempts to re-argue at length its contention that "Kerr-McGee is not entitled to [have] its cake and eat it too by denying Gamble Simmons its forty percent (40%) fee on the full $276,142.10 of tax benefits it generated." Aplt. Br., No. 02-6248, at 18. This issue has been decided against Gamble Simmons, and we now affirm the district court's determination that Gamble Simmons has been paid in full.

Our affirmance of the district court's order on the merits moots Gamble Simmons' claim for prejudgment interest and its argument that the district court should reinstate its prior attorney fee award in favor of Gamble Simmons. We further reject Gamble Simmons' argument that Kerr-McGee's position was unreasonable, that Gamble Simmons is therefore entitled to "attorney's fees since at least June of 1997," and that the district court's prior award of attorney's fees

in favor of Kerr-McGee is insufficient in light of the undisputed facts. *Id.* at 21-22. We also decline Gamble Simmons' invitation to vacate our order of March 12, 2002, awarding Kerr-McGee a bill of costs and appellate attorney's fees to be calculated by the district court. Kerr-McGee is the prevailing party in this entire litigation and is entitled to its reasonable attorney's fees. *See GRP of Tex., Inc. v. Eateries, Inc.*, 27 P.3d 95, 98 (Okla. 2001).

Finally, Gamble Simmons complains that on remand from *Gamble Simmons III*, the district court simply reinstated its December 18, 1997 order of attorney's fees in favor of Kerr-McGee, without conducting an evidentiary hearing to determine whether the amount of fees was reasonable. Kerr-McGee does not contend that there has been a sufficient evidentiary hearing or that the amount of fees was reasonable; in fact, its briefs fail to address these issues at all. As long ago as *Gamble Simmons I*, Gamble Simmons complained that the attorney fee award was unreasonable and that it was not given an evidentiary hearing on the attorney fee issue. We left this issue open "for unfettered reconsideration by the district court at the conclusion of these proceedings on remand." *Gamble Simmons I*, 175 F.3d at 774.

It is unclear from the district court's order of July 5, 2002, whether it considered the evidentiary hearing and reasonableness issues that we specifically reserved for its further consideration when it reinstated the attorney fee award in

favor of Kerr-McGee. [1] We therefore vacate that portion of the district court's order reinstating its attorney fee order of December 18, 1997, and remand for what we emphasize is a strictly limited consideration of, together with any necessary further proceedings and findings appropriate to, the following issues: (1) whether Gamble Simmons is entitled to an evidentiary hearing on the issue of the attorney's fees originally awarded on December 18, 1997; (2) whether the amount of the fees originally awarded in the order of December 18, 1997 was reasonable; and (3) whether, in light of any findings concerning reasonableness of the amount of the fees awarded, the December 18, 1997 order should be reinstated or modified.

The judgment of the district court in case No. 03-6051 is AFFIRMED. The judgment of the district court in case No. 02-6248 is AFFIRMED in part; VACATED in part, and REMANDED for further, limited proceedings as detailed in this order and judgment.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[1]     Evidently, the district court did conduct an evidentiary hearing on remand from *Gamble Simmons I*, culminating in an award of fees *to Gamble Simmons*. Aplt. App., No. 03-6051, Vol. II, at 405. That award has now been vacated. If the issues Gamble Simmons wishes to have heard were fully considered at the prior hearing, however, no further evidentiary hearing would appear to be necessary.