2009 OK CIV APP 100

**Miles L. MITZNER, Plaintiff/Appellant,**

v.

**Harold L. POAGE, Miracle Production, Inc., and YDF, Inc., Defendants/Appellees.**

No. 106,103.

Sept. 4, 2009.

Miles. L. Mitzner, Edmond, OK, Pro se.

Thomas J. Daniel IV, Kirk & Chaney, Oklahoma City, OK, for Appellees.

**LARRY JOPLIN, Judge.**

¶1 Plaintiff/Appellant Miles L. Mitzner (Plaintiff) seeks review of the trial court's order granting attorney's fees to Defendants/Appellees Harold L. Poage, Miracle Production, Inc., and YDF, Inc. (collectively, Defendants). In this appeal, Plaintiff challenges the trial court's award as affected by error of law.

¶2 Plaintiff and another served as court-appointed co-receivers in the contentious divorce case between Defendant Poage and his spouse.[1] During the proceedings, Defendants paid some $162,000.00 in receiver's fees. Defendant Poage and his spouse eventually settled in April 2006.

¶3 In July 2006, Plaintiff commenced the instant action to collect some $40,000.00 in additional receiver's fees allegedly due and unpaid. Defendants answered, denied liability and asserted counter-claims to recover alleged overpayments of receiver's fees.

¶4 The matter was eventually assigned to the trial judge who presided in the divorce case for a determination of reasonable receiver's compensation and an adjudication of the competing claims for unpaid/overpaid fees. Over two days in March 2008, the parties presented evidence in support of their respective claims. On consideration of the evidence, the trial court found against Plaintiff on his claims, for Defendants on their counter-claims, and granted Defendants judgment for slightly more than $22,000.00.

¶5 Defendants then filed an application for an award of attorney's fees and costs as prevailing parties under 12 O.S. § 936. Plaintiff objected. The trial court held "this is a prevailing party fee case pursuant to 12 *Okla. Stat.* § 936," and granted Defendants judgment for $23,996.00 in attorney's fees, as well as $2,220.00 in costs. (Emphasis original.)

¶6 Plaintiff appeals. Plaintiff argues that he was entitled to payment of receiver's fees under 12 O.S. § 619 "to be taxed as part of the costs in the" *divorce* case, and that § 936 does not authorize an award of prevailing party attorney's fees on his claim to recover the § 619 "costs" of his compensation. *See,*

---

1. Defendants Miracle Production, Inc., and YDF, Inc. were marital assets.

*Hough v. Hough,* 2004 OK 45, 92 P.3d 695. Defendants respond, arguing that an award of receiver's and attorney's fees in a *divorce* case is based upon a "judicial balancing of the *equities,*" but that, in an action at *law* to collect unpaid fees for services rendered, the plain language of § 936 clearly authorizes an award of attorney's fees to the prevailing party in the collection action. *Compare, e.g., King v. King,* 2005 OK 4, ¶ 30, 107 P.3d 570, 581; *with, Hamilton v. Telex Corp.,* 1978 OK 33, 576 P.2d 769, appeal after remand, *Hamilton v. Telex Corp.,* 1981 OK 22, 625 P.2d 106.

■■■ ¶ 7 "The issue of entitlement to an award of attorney fees presents a question of law." *See, e.g., Elmore v. Doenges Bros. Ford, Inc.,* 2001 OK CIV APP 27, ¶ 6, 21 P.3d 65, 69. (Citations omitted.) "Questions of law are subject to the de novo standard of review." *Id.* "Under that standard, we claim plenary, independent and non-deferential authority to reexamine the trial court's legal rulings." *Id.*

■■ ¶ 8 Oklahoma law permits the trial of issues by a referee, appointed by the court, with consent of the parties, or "[w]here the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account." 12 O.S. §§ 612, 613. On the issue of a referee's compensation, § 619 of title 12 provides:

> The referees shall be allowed such compensation for their services as the court may deem just and proper, which shall be taxed as part of the costs in the case.

*See also, Rand v. Nash,* 1935 OK 1086, ¶ 0(2), 174 Okla. 525, 51 P.2d 296.[2]

¶ 9 In *Hough,* the trial court appointed a "special master" to "control ... all matters relating to discovery, valuation and preservation of the [parties'] marital estate," and directed payment of the special master's fees

and costs by husband. 2004 OK 45, ¶ 5, 92 P.3d at 698. The trial court subsequently held that husband's obligation to pay the fees and costs of the special master constituted a matter of spousal support which survived husband's bankruptcy. *Hough,* 2004 OK 45, ¶ 7, 92 P.3d at 699.

¶ 10 On husband's appeal, the Oklahoma Supreme Court first held "the trial court properly exercised its judicial discretion in its determination that its order requiring Husband to pay special masters fees and costs from the marital estate and the order awarding a judicial lien to special master were intended to provide support to Wife and therefore, non-dischargeable in Husband's bankruptcy." *Hough,* 2004 OK 45, ¶ 11, 92 P.3d at 702. On the special master's application for an award of appeal-related attorney's fees, the Supreme Court then held:

> The general rule is "[a]ppeal-related attorney fees are recoverable if statutory authority exists for their award in the trial court." This case presents a unique question concerning a non-party's quest for appeal-related attorney's fees. We are unaware of express statutory authority for the recovery of a special master's attorney fees. However, [§ 619] ... authori[zes] the award of "compensation [to referees] for their services as the court may deem just and proper, which shall be taxed as part of the costs in the case." Further, § 619 has been interpreted to apply to compensation of special masters.
>
> In this case, the trial court ordered Husband to pay the fees and costs of special master ... pursuant to 12 O.S. § 619. While we agree with the lower courts' determination that special master was entitled to recover fees and costs as *compensation* for his services in accordance with § 619, we disagree with the ... characterization of § 619 as statutory authority for an attorney fees award. Since § 619 does not authorize an attorney fees award in the trial court, it follows that 12 O.S. § 619 is likewise an improper basis for special mas-

---

2. "A court of general jurisdiction has the inherent power to appoint an auditor in a case which involves the examination of complicated accounts, to award a reasonable fee to such auditor, and to tax such fee as costs in the case, even in the absence of an express statutory grant of such power."

ter's recovery of appeal-related attorney fees.

*Hough,* 2004 OK 45, ¶ 14, 92 P.3d at 703. (Emphasis original.)

 ¶ 11 The Oklahoma Supreme Court thus held in *Hough* that § 619 does not authorize an award of attorney's fees to the prevailing party on a claim for unpaid compensation by a court-appointed special master in an *ancillary* proceeding before the appointing court in a divorce action. Unanswered in *Hough,* however, is the question with which we are presented here, and that is, whether, in an *independent* "civil action" commenced by a court-appointed receiver or special master "to recover [compensation] for ... services rendered," the prevailing party is entitled to an award of attorney's fees under § 936.[3]

Section 936 provides:

> In any civil action to recover for labor or services rendered, ..., unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The prevailing party in an action brought to recover unpaid compensation for professional services rendered is entitled to an award of attorney's fees under § 936. *See, e.g., Pezold, Richey, Caruso and Barker v. Cherokee Nation Industries, Inc.,* 2002 OK CIV APP 43, ¶¶ 8–9, 52 P.3d 430, 432; *Hamilton,* 1978 OK 33, ¶ 6, 576 P.2d at 770.

¶ 12 Here, the court-appointed receiver commenced a separate civil action to recover unpaid receiver's compensation for services rendered in the divorce action of Defendant Poage and spouse. Section 936 expressly directs an award of attorney's fees to the prevailing party "[i]n any civil action to recover for labor or services rendered." Defendants prevailed on the Plaintiff's claim for unpaid receiver's compensation, and on their counter-claim to recover overpayments of receiver's compensation. The fact that, under § 619, Plaintiff's receiver's compensation

could be taxed as a item of costs in the divorce action of Defendant Poage and his spouse did not change the nature of Plaintiff's claim to something other than a claim to recover for labor or services rendered.

¶ 13 We therefore hold the trial court did not err as a matter of law in awarding Defendants attorney's fees as prevailing parties on Plaintiff's claim for unpaid compensation for services rendered. The order of the trial court is AFFIRMED.

MITCHELL, C.J., concurs.

HANSEN, P.J., dissents:

The receivers here were not *parties* in a "civil action." An application for receivers' fees is not a "civil action." Receivers' fees are taxed as costs and set by the judge. There can be no prevailing party on this issue. Section 936 does not apply here. Accordingly, I respectfully dissent.

---

3. In his dissent to *Hough,* Justice Opala opined that § 936 indeed authorized an award of prevailing party attorney's fees to the special master who successfully recovered § 619 "compensation." 2004 OK 45, ¶¶ 4–5, 92 P.3d at 705 (Opala, V.C.J., concurring in part, dissenting in part).